620 F.2d 237
 UNITED STATES of America, Plaintiff-Appellee,
v.
John Warren MARTIN, John Glenn Peters and Gene Stipe,
Defendants-Appellants.
Gene STIPE, Petitioner,
v.
UNITED STATES DISTRICT COURT FOR the WESTERN DISTRICT OF
OKLAHOMA, Honorable Ralph G. Thompson, United
States District Judge, Respondents.
 Nos. 79-1985 to 79-1987 and 79-1956.
 United States Court of Appeals,
Tenth Circuit.
 Argued Nov. 28, 1980.
Decided April 28, 1980.
 
 B. J. Rothbaum, Jr., James P. Linn, with him on brief, of Linn, Helms, Kirk & Burkett, Oklahoma City, Okl., for defendant-appellant and petitioner Gene Stipe.
 Larry D. Patton, U. S. Atty., W. D. Okl., Teresa M. Black, Asst. U. S. Atty., Oklahoma City, Okl., John R. Osgood, Asst. U. S. Atty., with him on brief, for plaintiff-appellee.
 Before BARRETT, DOYLE and McKAY, Circuit Judges.
 McKAY, Circuit Judge.
 
 
 1
 Defendants Martin, Peters and Stipe were indicted by a federal grand jury in the Western District of Oklahoma. The multi-page, five-count indictment charges substantive violations of 15 U.S.C. § 645(a), making false statements to the Small Business Administration, as well as conspiracy and aiding and abetting. The defendants moved to dismiss, urging that as a matter of law venue could not lie in the Western District of Oklahoma and that the indictment was fatally ambiguous in failing properly to allege venue. Essentially, the dispute centers on whether venue properly lies in the district from which the alleged false statements originated or in the district where they were received by the SBA. Defendants filed a direct appeal seeking review of the district court's order denying their motions to dismiss, and defendant Stipe has also petitioned for a writ of mandamus compelling the district court to dismiss the indictment. We ordered consolidation of the mandamus petition and appeal.
 
 APPEAL
 
 2
 Appellate jurisdiction is urged under 28 U.S.C. § 1291. Generally, district court dispositions of pretrial motions do not qualify for immediate appellate review. By its terms, § 1291 permits appeals only from final decisions of the district courts. In order for the court's pretrial order to be immediately appealable under § 1291, it must fall within the narrow confines of the collateral order doctrine announced in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 545-47, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949).
 
 
 3
 The circumstances and issues of this case do not demonstrate sufficient finality, separability and irreparable injury to justify immediate appealability of the pretrial venue ruling. Cf. Helstoski v. Meanor, 442 U.S. 500, 506-08, 99 S.Ct. 2445, 2448-49, 61 L.Ed.2d 30 (1979); United States v. MacDonald, 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978); Abney v. United States, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977); Mercantile National Bank v. Langdeau, 371 U.S. 555, 557-58, 83 S.Ct. 520, 521-22, 9 L.Ed.2d 523 (1963) (construing 28 U.S.C. § 1257(2)); United States v. Sorren, 605 F.2d 1211, 1213-15 (1st Cir. 1979).
 
 MANDAMUS
 
 4
 Traditionally, mandamus is used to confine a court to a lawful exercise of its jurisdiction or to compel a court to exercise its authority when it is its duty to do so. Kerr v. United States District Court, 426 U.S. 394, 402, 96 S.Ct. 2119, 2123, 48 L.Ed.2d 725 (1976); Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 382, 74 S.Ct. 145, 147, 98 L.Ed. 106 (1953). Mandamus is a drastic remedy which is available only in extraordinary situations. Kerr v. United States District Court, 426 U.S. at 402, 96 S.Ct. at 2123. It is appropriate only when the petitioner's right to relief is clear and indisputable. Will v. United States, 389 U.S. 90, 96, 88 S.Ct. 269, 274, 19 L.Ed.2d 305 (1967); Bankers Life & Casualty Co. v. Holland, 346 U.S. at 384, 74 S.Ct. at 148. A petition for a writ of mandamus may not be used as a substitute for appeal, id. at 383, 74 S.Ct. at 148, and is available only if the party seeking relief has no other remedy. See In re Chicago, Rock Island & Pacific Railway, 255 U.S. 273, 275-76, 41 S.Ct. 288, 289-90, 65 L.Ed. 631 (1921); United States v. Sorren, 605 F.2d 1211, 1215 (1st Cir. 1979).
 
 
 5
 The facts of this case do not warrant the invocation of our mandamus power. The petitioner's right to relief is not so clear, indisputable and compelling as to justify the extraordinary remedy sought.
 
 
 6
 Accordingly, the petition for writ of mandamus is denied and the appeal is dismissed. The defendants' claims may be fully and adequately reviewed, and the defendants' rights protected, on direct appeal in the event of conviction in the district court.[1]
 
 
 
 [1]
 The defendants' concern that, under Rule 4(b), Fed.R.App.P., failure to obtain immediate review will preclude later appellate review is unfounded. Even if the pretrial venue ruling in this case were found to be immediately appealable under Cohen, failure to bring an interlocutory appeal would not preclude review of the order by an appeal from a final disposition in the trial court. See United States v. Gaertner, 583 F.2d 308, 310 (7th Cir. 1978), cert. denied, 440 U.S. 918, 99 S.Ct. 1238, 59 L.Ed.2d 469 (1979)