**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**William Laurence FRENCH, Defendant-Appellant.**

**No. 85–5074.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 9, 1986.

Decided April 24, 1986.

David A. Katz, Asst. U.S. Atty., Los Angeles, Cal., for defendant-appellant.

Carlton F. Gunn, Deputy Federal Public Defender, Los Angeles, Cal., for plaintiff-appellee.

Before WALLACE, FARRIS and NORRIS, Circuit Judges.

NORRIS, Circuit Judge:

William French was indicted in the Eastern District of Louisiana for conspiring to possess marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846. He was arrested and released on bond in the Central District of California and returned to Louisiana to appear on the charges. French moved to dismiss the in-

dictment on the ground that the statute of limitations had run. That motion was denied.

Subsequently, French entered into an agreement with the United States Attorney in Louisiana to enter a conditional guilty plea to a lesser charge under Fed.R.Crim.P. 11(a)(2).[1] The agreement also provided that French would be permitted to enter the plea in the Central District of California under Fed.R.Crim.P. 20.[2] A Rule 20 proceeding was commenced, and the United States Attorneys in Louisiana and California executed a consent to transfer form stating that French would "plead guilty" in California. The United States Attorney in California was not informed that French intended to enter a conditional guilty plea.

When French entered a conditional guilty plea in California, it was opposed by the United States Attorney there. The United States District Court for the Central District of California determined that the United States Attorney in California had never consented to entry of a conditional guilty plea and, in addition, that a Rule 20 transfer cannot be predicated on such a plea. For these reasons, the district court re-

fused to accept the conditional guilty plea. French then declined to enter a different plea, and the district court, pursuant to Fed.R.Crim.P. 11(a)(1), entered a not guilty plea and transferred the case back to Louisiana as required by Fed.R.Crim.P. 20(c). French appealed, and this court granted a stay of the retransfer order.

**I**

The government argues that the district court's order transferring the case back to Louisiana is not reviewable at this stage because it is not a final judgment. 28 U.S.C. § 1291 (1982). French acknowledges that the retransfer order is not a final judgment, but argues that it falls within the "collateral order" exception to the final judgment rule carved out in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Under the collateral order doctrine of *Cohen*, immediate appeals are permitted from "that small class [of orders] which finally determine claims of right separate from and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause it-

1. Rule 11(a)(2) provides as follows:

   Conditional Pleas. With the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion. If the defendant prevails on appeal, he shall be allowed to withdraw his plea.

2. Rule 20 provides in pertinent part as follows:

   (a) Indictment or Information Pending. A defendant arrested, held, or present in a district other than that in which an indictment or information is pending against him may state in writing that he wishes to plead guilty or nolo contendere, to waive trial in the district in which the indictment or information is pending, and to consent to disposition of the case in the district in which he was arrested, held, or present, subject to the approval of the United States attorney for each district. Upon receipt of the defendant's statement and of the written approval of the United States attorneys, the clerk of the court in which the indictment or information is pending shall transmit the papers in the proceeding or certi-

   fied copies thereof to the clerk of the court for the district in which the defendant is arrested, held, or present, and the prosecution shall continue in that district.

   (b) Indictment or Information Not Pending. A defendant arrested, held, or present, in a district other than the district in which a complaint is pending against him may state in writing that he wishes to plead guilty or nolo contendere, to waive venue and trial in the district in which the warrant was issued, and to consent to disposition of the case in the district in which he was arrested, held, or present, subject to the approval of the United States attorney for each district. Upon filing the written waiver of venue in the district in which the defendant is present, the prosecution may proceed as if venue were in such district.

   (c) Effect of Not Guilty Plea. If after the proceeding has been transferred pursuant to subdivision (a) or (b) of this rule the defendant pleads not guilty, the clerk shall return the papers to the court in which the prosecution was commenced, and the proceeding shall be restored to the docket of that court. The defendant's statement that he wishes to plead guilty or nolo contendere shall not be used against him.

self to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen*, 337 U.S. at 546, 69 S.Ct. at 1225.

■ In our view, a Rule 20 retransfer does not fall within the collateral order exception to the final judgment rule. While the Supreme Court has not yet spoken to this precise issue, *Parr v. United States*, 351 U.S. 513, 518, 76 S.Ct. 912, 916, 100 L.Ed. 1377 (1956), provides an instructive analogy. In *Parr*, the defendant had been indicted in one division of a district court in Texas, and obtained a transfer to another division on the ground that local prejudice would prevent a fair trial in the division where he was indicted. The government then procured a new indictment in another district for the same offenses and successfully moved for dismissal of the first indictment. The defendant appealed, claiming a right to be tried on the earlier, rather than the later, indictment. The defendant's claim was held to fall outside the collateral order exception because the dismissal was merely a "step toward final disposition of the merits of the case" and would "be merged in the final judgment." *Id.* at 519, 76 S.Ct. at 916 (quoting *Cohen*, 337 U.S. at 546, 69 S.Ct. at 1225). Most importantly for the purposes of the instant case, the Court noted that the dismissal of the first indictment could be reviewed after conviction on the second indictment. *Id.* at 519, 76 S.Ct. at 916. Recognizing that the defendant would be subjected to trial in a district not of his choice before getting review of the order dismissing the first indictment, the Court observed that "bearing the discomfiture and cost of a prosecution for crime even by an innocent person is one of the painful obligations of citizenship." *Id.* at 520, 76 S.Ct. at 917 (quoting *Cobbledick v. United States*, 309 U.S. 323, 325, 60 S.Ct. 540, 541, 84 L.Ed. 783 (1940) ).

Applying the reasoning of *Parr* to this case, we hold that the district court's order transferring the case back to Louisiana is not an appealable collateral order. It is hard to conceive of an order less final than one that merely transfers a case back to the district of origin. All of the issues in the case survive the retransfer. Should French be convicted and sentenced in the Eastern District of Louisiana, he can argue on appeal that his sentence is invalid because he was entitled to be sentenced in the Central District of California.[3] Thus, French might ultimately be transferred back to California for sentencing. Of course, should he prevail on his statute of limitations claim, the sentence issue would be rendered moot.

French argues that immediate review is necessary to protect him from "whatever hardship may be involved in a removal to the place where the prosecution is pending." Fed.R.Crim.P. 20 advisory committee note. But "[t]he Supreme Court precedents require us to focus on the nature of the right asserted by the defendant, not the hardships caused by the order." *United States v. Harper*, 729 F.2d 1216, 1221 (9th Cir.1984). Further, if French is content to litigate in Louisiana the issue preserved by his conditional guilty plea, he is hardly inconvenienced by appearing in that selfsame district. Whatever hardship exists is insufficient to merit "the delays and disruptions attendant upon intermediate appeal," which "are especially inimical to the effective and fair administration of the criminal law." *DiBella v. United States*, 369 U.S. 121, 126, 82 S.Ct. 654, 657, 7 L.Ed.2d 614 (1962).

---

**3.** The sentence of the Louisiana district court would be reviewable in the Fifth Circuit, "the circuit embracing the district." 28 U.S.C. § 1294 (1982). *In re Corrugated Container Anti-Trust Litigation*, 620 F.2d 1086, 1090–91 (5th Cir.1980), *cert. denied*, 449 U.S. 1102, 101 S.Ct. 987, 66 L.Ed.2d 827 (1981), is not to the contrary, for in that case the Fifth Circuit declined to review the decision of a district court in another circuit. We need not address the dicta that a civil transfer order is reviewable by the circuit court for the transferee district. *See American Fidelity Fire Ins. Co. v. United States District Court*, 538 F.2d 1371, 1376–77 & n. 4 (9th Cir.1976); *Gulf Research & Development Co. v. Leahy*, 193 F.2d 302, 304 (3rd Cir.1951), *aff'd* 344 U.S. 861, 73 S.Ct. 102, 97 L.Ed. 668 (1952).

Moreover, our holding follows the Supreme Court's command to interpret "the requirements of the collateral-order exception to the final judgment rule with the utmost strictness in criminal cases." *Flanagan v. United States,* 465 U.S. 259, 265, 104 S.Ct. 1051, 1055, 79 L.Ed.2d 288 (1984). The Supreme Court has thus far found only three types of pre-trial orders in criminal prosecutions that meet the requirements, and each involves a legal and practical value that would be irretrievably lost if review were postponed. *United States v. Hollywood Motor Car Co.,* 458 U.S. 263, 265–66, 102 S.Ct. 3081, 3082–83, 73 L.Ed.2d 754 (1982). An order denying a motion to reduce bail may be reviewed before trial. *Stack v. Boyle,* 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 1 (1951). Orders denying motions to dismiss an indictment on double jeopardy, *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), or speech and debate grounds, *Helstoski v. Meanor,* 442 U.S. 500, 99 S.Ct. 2445, 61 L.Ed.2d 30 (1979), are likewise immediately appealable. By contrast, unappealable are motions to dismiss for violations of speedy trial rights, *United States v. Mehrmanesh,* 652 F.2d 766 (9th Cir.1980), for vindictive prosecution, *Hollywood Motor Car Co.,* 458 U.S. 263, 102 S.Ct. 3081, 73 L.Ed.2d 754 (1982), for selective prosecution, *United States v. Sasway,* 686 F.2d 748 (9th Cir.1982), and for lack of subject matter jurisdiction, *United States v. Layton,* 645 F.2d 681 (9th Cir.), *cert. denied,* 452 U.S. 972, 101 S.Ct. 3128, 69 L.Ed.2d 984 (1981).

The Fourth Circuit, which appears to be the only other circuit to address the issue, has also held that the retransfer of a case originally transferred under Rule 20 is not immediately appealable. *United States v. Brown,* 301 F.2d 664 (4th Cir.1962) (per curiam) (an order retransferring a case originally transferred under Rule 20, which was made after the defendant moved in the transferee court for dismissal of the indictment instead of entering a plea, was not appealable.). One commentator has concluded that Rule 20 retransfer orders are not appealable while others have reached a similar conclusion with respect to transfers pursuant to Fed.R.Crim.P. 21. *See, e.g.,* 9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice* ¶ 110.13 [6], at 180–81 (1985); 2 M. Rhodes, *Orfield's Criminal Procedure under the Federal Rules* § 20.-28, at 912 (2d ed. 1985); and 2 C. Wright, *Federal Practice and Procedure* § 347, at 282 (1982).[4]

## II

■ French seeks in the alternative a writ of mandamus. But such an "extraordinary remedy" is inappropriate in this case. *See Will v. United States,* 389 U.S. 90, 95, 88 S.Ct. 269, 273, 19 L.Ed.2d 305 (1967). The district court's decision was not "clearly erroneous as a matter of law." *See In re Cement Antitrust Litigation,* 688 F.2d 1297, 1305 (9th Cir.1982), *aff'd,* 459 U.S. 1191, 103 S.Ct. 1173, 75 L.Ed.2d 425 (1983). A transferee court has Rule 11 authority to consent or not consent to a plea entered in a Rule 20 transfer. *See, e.g., In re Arvedon,* 523 F.2d 914, 916 (1st Cir.1975); *Owensby v. United States,* 353 F.2d 412, 417 (10th Cir.1965), *cert. denied,* 383 U.S. 962, 86 S.Ct. 1234, 16 L.Ed.2d 305 (1966); *Singleton v. Clemmer,* 166 F.2d 963, 965 (D.C.Cir.1948). The district court rejected the plea and ordered retransfer because the United States Attorney for the Central District of California never consented to the conditional guilty plea.[5]

■ Approval of a defendant's request for transfer by the United States Attorney for each district is a condition to a transfer under Rule 20. Making the transfer subject to the approval of the United States

---

4. While the reviewability of criminal venue transfer orders is an issue of first impression in our circuit, we have consistently held that civil venue transfer orders are not appealable prior to final judgment. *See Varsic v. United States District Court,* 607 F.2d 245, 251 (9th Cir.1979);

*Pacific Car & Foundry Co. v. Pence,* 403 F.2d 949, 951 (9th Cir.1968).

5. As an additional ground for its ruling, which we need not reach here, the district court concluded that a conditional guilty plea is not permissible under a Rule 20 transfer.

Attorneys controls the danger of "forum shopping." Fed.R.Crim.P. 20 advisory committee note (1974 amendments). French does not dispute that the United States Attorney in California was unaware of the agreement for a conditional guilty plea. French also does not dispute the district court's conclusion that there was no "meeting of the minds" between the United States Attorneys in California and Louisiana regarding the conditional guilty plea.[6] Thus, we are not "firmly convinced" that the district court's decision was incorrect. *In re Cement*, 688 F.2d at 1306–07.[7]

As we have already indicated, French has failed to demonstrate that his claim will evade review in the Fifth Circuit, or that he will endure undue hardship if his case is transferred back to Louisiana. Further, the district court's decision is not "an oft-repeated error", nor does it "raise new and important problems." Thus, French's claim does not satisfy the factors which traditionally guide this court in considering mandamus petitions. *See Bauman v. United States District Court*, 557 F.2d 650, 654–55 (9th Cir.1977). Accordingly, we see no reason to disturb the retransfer order.

The appeal is *DISMISSED* for want of jurisdiction, and the Petition for a writ of mandamus is *DENIED*.

---

**6.** French's reliance on *United States v. Binion,* 107 F.Supp. 680, 682 (D.Nev.1952) is misplaced. In *Binion,* the court held that United States Attorneys are under a duty to ascertain the underlying facts before they assent to a Rule 20 transfer. *Id.* at 683. In the present case, by contrast, the United States Attorney in the Central District of California is not claiming ignorance of the underlying facts, but of the nature of French's plea. The transfer form states that French "wish[ed] to plea guilty." That is what was consented to. Thus, this is a case where no consent was given, not where consent was withdrawn.

**7.** As we explain, this case does not raise a new and important issue of first impression which would permit this court to exercise its supervisory mandamus power and review the district court's order for error. *In re Cement,* 688 F.2d at 1307.