**UNITED STATES of America, Appellee,**

v.

**Ronald BRAKKE a/k/a Ron Brakke, Appellant, and Chester Brakke.**

**Nos. 86–5425, 86–5426, 86–5427 and 86–5428.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 9, 1987.

Decided March 20, 1987.

Rehearing Denied April 17, 1987.

Before McMILLIAN, JOHN R. GIBSON and WOLLMAN, Circuit Judges.

PER CURIAM.

Ronald and Chester Brakke appeal from orders entered in the District Court [1] denying their motions to dismiss and refusing to

---

1. The Honorable Paul Benson, United States Senior District Judge for the District of North Dakota.

set aside a magistrate's order for a final pretrial conference and denying motions for "Order to Show Cause." Ronald Brakke also appeals the magistrate's[2] order denying a demand for recusal. For the reasons discussed below, we dismiss the appeals without prejudice for lack of jurisdiction.

On May 21, 1985, the United States commenced an action for foreclosure of its security interest in stored grain and for a deficiency judgment against Ronald, Jean and Chester Brakke after Ronald Brakke defaulted on four promissory notes totalling approximately $173,000. Jean and Chester Brakke each had co-signed one of the notes. On June 12, 1985, appellants filed separate motions to dismiss asserting lack of jurisdiction over the subject matter and persons, insufficiency of process and service of process, and failure to state a claim upon which relief can be granted. On October 10, 1986, the magistrate issued an order setting a final pretrial conference for November 12, 1986. On October 29, Ronald Brakke filed a notice of appeal with the district court from the magistrate's order. He also filed an affidavit alleging prejudice on the part of the magistrate and demanded that she recuse herself from the case. On November 4, the district court denied the Brakkes' motions to dismiss and refused to set aside the magistrate's pretrial conference order. On November 10, Ronald and Chester Brakke filed notices and motions captioned "Motion for Order to Show Cause," demanding that the United States produce an injured party or be held in contempt of court. The district court denied the motions as frivolous. On November 12, the magistrate denied Ronald Brakke's motion requesting recusal. Ronald and Chester Brakke filed appeals from these orders, which have been consolidated for the purposes of review.

■ This court has jurisdiction over appeals "from final decisions of the district courts." 28 U.S.C. § 1291. The orders on appeal here are pretrial orders, not final decisions, and therefore are not reviewable at this time.[3] "[D]enial of a motion to dismiss, even when the motion is based upon jurisdictional grounds, is not immediately reviewable." *Catlin v. United States*, 324 U.S. 229, 236, 65 S.Ct. 631, 635, 89 L.Ed. 911 (1945); *see, e.g., United States v. Layton*, 645 F.2d 681 (9th Cir. 1981) (challenge to subject matter jurisdiction not appealable before trial); *Hydraulic Press Manufacturing Co. v. Moore*, 185 F.2d 800 (8th Cir.1950) (challenge to personal jurisdiction not appealable before trial); *see also United States v. Grabinski*, 674 F.2d 677 (8th Cir.) (banc) (per curiam) (orders denying defendant's motion to dismiss because of alleged vindictive prosecution, denial of speedy trial and lack of probable cause not immediately appealable), *cert. denied*, 459 U.S. 829, 103 S.Ct. 67, 74 L.Ed.2d 67 (1982); *United States v. Martin*, 620 F.2d 237 (10th Cir.) (order denying motion to dismiss challenging venue not immediately appealable), *cert. denied*, 449 U.S. 890, 101 S.Ct. 248, 66 L.Ed.2d 116 (1980).

■ The district court's refusal to set aside the magistrate's order for a pretrial conference and denial of show cause motions, as well as the magistrate's denial of a motion for recusal, are likewise not immediately reviewable. *See, e.g., United States v. Washington*, 573 F.2d 1121 (9th Cir.1978) (order denying motion to disqualify judge). *Cf. Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981) (order denying motion to disqualify counsel); *Minnesota v. Pickands Mather & Co.*, 636 F.2d 251 (8th Cir.1980) (order denying leave to file third party complaint).

Accordingly, we dismiss the appeals without prejudice for lack of jurisdiction. *See* 8th Cir.R. 12(a).

---

2. The Honorable Karen K. Klein, United States Magistrate for the District of North Dakota.

3. The orders do not fall within the collateral order exception to the final judgment rule. To fall within the exception, the order "must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978).