990 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul David RUDDY, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul David RUDDY, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul David RUDDY, Defendant-Appellant.
 Nos. 92-15767, 92-15796, 92-16449 and 92-16415.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 8, 1993.
 
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul David Ruddy, a federal prisoner, appeals pro se the district court's denial of his four 28 U.S.C. § 2255 motions to vacate two concurrent 20 year sentences for two separate bank robbery convictions. We have jurisdiction under 28 U.S.C. § 2255, and we affirm.
 
 
 3
 We review de novo the district court's denial of a 28 U.S.C. § 2255 motion. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990). We review the district court's decision to deny an evidentiary hearing for an abuse of discretion. Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991).
 
 BACKGROUND
 
 4
 In 1980, Ruddy was indicted in Arizona on one count of bank robbery and one count of armed bank robbery. He was also indicted in California in a six-count indictment charging him with three counts of bank robbery and three counts of armed bank robbery. On January 5, 1981, Ruddy pleaded guilty to the charge of armed bank robbery in the Arizona indictment. On February 9, 1981 the district court sentenced him to a term of 20 years imprisonment. On the same date, Ruddy pleaded guilty to one count of armed bank robbery in the California indictment, and the district court sentenced him to another term of 20 years imprisonment to run consecutively to the first term. On November 30, 1981, the district court modified the second sentence to run concurrent with the first.
 
 
 5
 In July 1988, Ruddy began to file a series of section 2255 motions to vacate his convictions and sentences in the two bank robbery cases. The district court denied four of the motions in a consolidated order. On appeal, Ruddy contends that (1) the ineffective advice of his counsel rendered his guilty pleas involuntary (Nos. 92-15767, 92-16415, 92-16449), (2) the district court lacked jurisdiction to accept his plea of guilty to the Arizona charges (No. 92-15796), and (3) the district court erred by denying his motions without conducting evidentiary hearings. Ruddy's contentions lack merit.
 
 VOLUNTARY PLEAS
 
 6
 A defendant challenging a guilty plea based on ineffective assistance of counsel must demonstrate "both that his counsel's performance was deficient and that the deficient performance prejudiced his defense." United States v. Signori, 844 F.2d 635, 638 (9th Cir.1988). A defense attorney's incorrect prediction regarding the outcome of some aspect of his client's case does not support an involuntary plea claim. United States v. Cortez, 973 F.2d 764, 768 (9th Cir.1992) (defendant's belief that his unconditional guilty plea allowed him to appeal his selective prosecution claim rendered his plea involuntary). A district court is not required to inform a defendant of parole eligibility before accepting a plea of guilty. Doganiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 111 S.Ct. 1398 (1991).
 
 
 7
 Ruddy contends that at the time he entered his pleas he had been led to believe (1) he would receive credit for his time in incarceration prior to sentencing, (2) his plea agreements were binding on the United States Parole Commission, (3) the Parole Commission would not look at conduct associated with dismissed counts, and (4) his sentencing range would be 78-100 months. He contends that his guilty pleas were therefore involuntary. This contention lacks merit. At Rule 11, the district court conducted thorough colloquies with Ruddy in order to determine that his guilty pleas were knowing and voluntary. Ruddy stated that he understood that he faced a possible term of 25 years imprisonment for each count and that no one had promised or suggested what his possible sentence would be if he pleaded guilty to the charges.
 
 
 8
 Even if Ruddy's counsel incorrectly predicted what his sentence might be, his counsel's mistake does not support Ruddy's claim that his pleas were involuntary. Cf. Cortez, 973 F.2d at 768-69. In addition, Ruddy's mistaken beliefs regarding his sentence and parole eligibility do not affect the voluntary nature of his pleas. See Doganiere, 914 F.2d at 167. Ruddy has failed to show that his counsel's advice was deficient, and therefore, he has failed to show that his pleas were involuntary. See Signori, 844 F.2d at 638-39.
 
 JURISDICTION
 
 9
 Under Fed.R.Crim.P. 20, a defendant may plead guilty in one district to charges for which he was indicted in another district. Id.; see also United States v. French, 787 F.2d 1381, 1382-83 (9th Cir.1986). A Rule 20 transfer requires the approval of the United States Attorney for each district in order to avoid the problem of forum shopping. French, 787 F.2d at 1384-85.
 
 
 10
 Here, Ruddy and the U.S. Attorney's offices for the district of Arizona and the Southern District of California agreed to a Rule 20 transfer which would have allowed Ruddy to plead guilty to both the California and Arizona charges in California. Nevertheless, Ruddy was erroneously transported back to Arizona before he could enter his pleas. Both U.S. Attorney's offices agreed to allow Ruddy to enter his pleas of guilty to the Arizona and California charges in Arizona. Ruddy did not object, and he pleaded guilty to both the California and Arizona charges. Ruddy now claims that the district court in Arizona lacked jurisdiction to accept his guilty plea to the Arizona charge. His contention lacks merit.
 
 
 11
 Ruddy entered a plea of guilty in the district court for the District of Arizona for an offense that occurred in Arizona. The district court had jurisdiction to accept the plea. See 18 U.S.C. § 3231. The Rule 20 proceedings merely allowed Ruddy to enter a plea to the California charges while in custody in Arizona. See Fed.R.Crim.P. 20; French, 787 F.2d at 1382-85. The district court properly held that it had jurisdiction over the matter. See Fed.R.Crim.P. 20; 18 U.S.C. § 3231.
 
 EVIDENTIARY HEARING
 
 12
 In deciding a section 2255 motion, a district court is only required to give a claim "careful consideration and plenary processing, including full opportunity for presentation of the relevant facts." Shah v. United States, 878 F.2d 1156, 1159 (9th Cir.) (quotation omitted), cert. denied, 493 U.S. 869 (1989); see also 28 U.S.C. § 2255. A district court has the discretion to forgo an evidentiary hearing and rely instead on the record, which may be supplemented by the following: discovery and documentary evidence, the judge's own notes and recollection of the trial, and common sense. Id.
 
 
 13
 Here, the district court had an extensive record before it including transcripts from the plea hearings. In addition, the same judge took Ruddy's guilty pleas, sentenced him, and decided the section 2255 motions.
 
 
 14
 The district court had sufficient information before it to determine the claims presented by Ruddy in his section 2255 motions. See Shah, 878 F.2d at 1159. Therefore, the district court was not required to conduct evidentiary hearings on the motions. See id. Accordingly, we affirm the decision of the district court.[1]
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appeal No. 92-15767 is treated as a related case and has not been consolidated with any other case. We therefore deny Ruddy's "motion to dismiss appellee's motion to consolidate appeals" filed in No. 92-15767