48 F.3d 1225
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Laverne MEINTS, Appellant,
Marilyn A. Meints; Southeast Nebraska Co-Op Company;
Garvey Commodities; Nebraska Department of
Revenue; Fred Meints, Defendants.
 No. 94-1262.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Feb. 14, 1995.
Filed: Feb. 17, 1995.
 
 Before BOWMAN, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Laverne H. Meints appeals the district court's[1] order granting judgment to the government in its foreclosure action. We affirm.
 
 
 2
 Meints argues that the district court improperly denied his motion to dismiss the action because the government did not serve him with process within 120 days of filing the complaint, as required by Federal Rule of Civil Procedure 4(j) (1987). We find that the district court did not abuse its discretion in denying Meints's motion to dismiss. See Edwards v. Edwards, 754 F.2d 298, 299 (8th Cir. 1985) (per curiam) (standard of review). The twenty months that elapsed between the time the complaint was filed and Meints was personally served was mostly attributable to Meints's various attempts to file for bankruptcy, which triggered automatic stays in all proceedings pending against him, see 11 U.S.C. Sec. 362(a); Farley v. Henson, 2 F.3d 273, 274 (8th Cir. 1993), and his attempts to obtain further stays. The government had already taken steps toward personal service, and resumed those steps even before the bankruptcy court denied Meints's last motion for a stay pending appeal, serving Meints within 41 days thereafter. Given these circumstances, we agree the government showed good cause for not serving Meints within 120 days; we note that Meints was not prejudiced by the delay, as the record indicates he was aware of the case no later than March 11, 1991, less than three weeks after it was filed.
 
 
 3
 Meints also argues that because he filed a notice of appeal from the district court's denial of his motion to dismiss, the district court did not have jurisdiction to proceed with the action. We have held that the district court may ignore a notice of appeal if the order appealed from is not appealable. See, e.g. Keith v. Newcourt, Inc., 530 F.2d 826, 826 (8th Cir. 1976) (per curiam) (district court had jurisdiction to proceed with new trial even though notice of appeal was filed from order dismissing counterclaim); see also United States v. Brakke, 813 F.2d 912, 913 (8th Cir. 1987) (per curiam) (denial of motion to dismiss not immediately appealable).
 
 
 4
 Finally, Meints argues that the district court lacked jurisdiction to order the sale of his property after he appealed the order of foreclosure. The district court properly ordered the sale because Meints did not post a supersedeas bond. See Fed. R. Civ. P. 62(d); Dockendorf v. Dakota County State Bank, 673 F.2d 961, 968 (8th Cir. 1981).
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska