[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 08 2008
THOMAS K. KAHN
CLERK

No. 08-10114

D. C. Docket No. 06-00022-CR-OC-10GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WESLEY TRENT SNIPES,

Defendant-Appellant.

-------------------------
On Appeal from the United States District Court for the
Middle District of Florida
-------------------------

BEFORE: ANDERSON, HULL and MARCUS, Circuit Judges.

BY THE COURT:

Now pending before the Court is Appellee's motion to dismiss this appeal

for lack of jurisdiction as an impermissible interlocutory appeal and Appellant's

motion to stay the trial below pending resolution of this appeal.

In arguing that this Court lacks jurisdiction over this interlocutory appeal,

Appellee acknowledges that there is no controlling precedent from this Circuit

finding that an immediate appeal will not lie from an order pertaining to venue in a criminal case. However, Appellee points to cases from four other circuits in which those courts have concluded that such an order is not immediately appealable. See United States v. Blackwell, 900 F.2d 742, 746-47 (4th Cir. 1990); United States v. French, 787 F.2d 1381, 1383 (9th Cir. 1986); United States v. Martin, 620 F.2d 237, 238 (10th Cir. 1980); United States v. Garber, 413 F.2d 284, 285 (2d Cir. 1969).

In response to Appellee's motion to dismiss, Appellant maintains that his appeal presents a colorable jurisdictional claim and thus, that it meets the requirements for jurisdiction under the collateral order doctrine. Appellant also argues that this appeal meets the requirements of the collateral order doctrine inasmuch as it will conclusively determine the disputed question, will resolve an important issue completely separate from the merits of the action and will be effectively unreviewable on appeal from a final judgment. See Will v. Hallock, 126 S.Ct. 952, 957 (2006).

We conclude that this Court lacks jurisdiction over this appeal under the collateral order doctrine. We conclude that an order pertaining to venue is effectively reviewable after entry of judgment. See e.g., United States v. Campa,

2

459 F.3d 1121 (11ᵗʰ Cir. 2006).[1]

Accordingly, we GRANT Appellee's motion to dismiss this appeal for lack of jurisdiction.

We DENY AS MOOT Appellant's motion for stay pending appeal and also DENY Appellant's invitation to retain jurisdiction and to stay the pending trial below in order to allow Appellant to file a petition for writ of mandamus.

---

[1] The claims in this case are unlike cases involving the right not to be subjected to double jeopardy and similar rights which would be lost by going to trial. In this case, Appellant's claim can be adequately reviewed and any rights vindicated on direct appeal.