# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1664

_____

Dave Campbell; Catrenia Dawn Campbell

*Plaintiffs - Appellants*

v.

Baylard, Billington, Dempsey & Jensen, P.C.; David Lawrence Baylard, in his individual and professional capacity

*Defendants - Appellees*

P. Daniel Billington; Michael C. Dempsey; Christopher W. Jensen

*Defendants*

Damian Robert Struzzi, in his individual and professional capacity; Woodland Lakes Trusteeship, Inc.; Woodland Lakes Community Neighborhood Watch, also known as Property Owner's Association; Deborah Ann Clutter; Linda Nolen; Crystal Michelle Kallansrud; Law Office of Gary G. Matheny; Gary Glen Matheny; Robert Murphy; Wendy Lynn Wexler-Horn; Douglas R. Bader; Cheryl Davis; Laura Thielmeier Roy; Washington County Sheriffs Department; Thomas Leon Colyott; Linda Mantia; Cynthia Borgard; Lance E. Wood; Arthur Hurlburt; Craig Kinneman; Francis Oscar Darian, Jr.; Russell Richards; Lawrence Deis; James Moldovan; Michael Frank; David Vilcek; Michael Bernheisel; John Buhmann; Bryan Griffith; Dora Rulo, "Gidget"; Darin Carter; Thomas Larue Smith, Jr.; William David Mitchell

*Defendants - Appellees*

Alias Washington County Deputy; Unknown Woodland Lakes Trustees; The McClatchy Company; Anonymous Topix Posters

*Defendant*s

Lonnie Evertt Barton; Anonymous Internet Posters

*Defendants - Appellees*

————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

————————

Submitted: October 9, 2018
Filed: October 17, 2018
[Unpublished]

————————

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.

————————

PER CURIAM.

In this pro se interlocutory appeal, Dave and Catrenia Dawn Campbell challenge district court[1] orders denying their motions seeking recusal in their 42 U.S.C. § 1983 action. We conclude that the orders at issue are not immediately appealable, *see Scarrella v. Midwest Fed. Sav. & Loan*, 536 F.2d 1207, 1210 (8th Cir. 1976) (per curiam) ("A determination by a district judge not to disqualify himself is reviewable by appeal only from a final judgment in the cause in which the motion for

————————

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

disqualification was filed."), and that appellants' reliance on the collateral order doctrine is misplaced, *see Mischler v. Bevin*, 887 F.3d 271, 271 (6th Cir. 2018) (per curiam) (holding that "an order denying recusal is not immediately appealable under the collateral order doctrine"); *United States v. Brakke*, 813 F.2d 912, 913 n.3 (8th Cir. 1987) (per curiam) (concluding that an order denying recusal did not fall within the collateral order exception to the final judgment rule). Accordingly, we dismiss the appeal for lack of jurisdiction, and we deny as moot appellants' pending motion.[2]

---

[2]We note that since this appeal was filed, the district court entered a final judgment. This does not affect our analysis. *See Dieser v. Cont'l Cas. Co.*, 440 F.3d 920, 924 (8th Cir. 2006) (concluding that Fed. R. App. P. 4(a)(2) does not permit a notice of appeal from a clearly interlocutory decision to serve as an effective notice of appeal from a subsequent entry of final judgment); *State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106-07 (8th Cir. 1999) ("To prevent parties from using frivolous appeals to delay or interrupt proceedings in the district court, that court does not normally lose jurisdiction to proceed with the case when one party appeals a non-appealable order."). Appellants have not appealed the entry of judgment in appellees' favor, and the time for doing so has passed. *See* Fed. R. App. P. 4(a)(1)(A) (appeal in civil case must be filed with the district court within 30 days after the entry of judgment or the order appealed from).