**UNITED STATES of America, Appellee,**

v.

**Chaim LEVY, Defendant–Appellant.**

**No. 240, Docket 91–1281.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 10, 1991.

Decided Oct. 30, 1991.

Ivan S. Fisher, New York City (Kenneth M. Tuccillo, on the brief), for defendant-appellant.

Julie Copeland, Asst. U.S. Atty., Brooklyn, N.Y. (Andrew J. Maloney, U.S. Atty., Emily Berger, Asst. U.S. Atty., on the brief), for appellee.

Before OAKES, Chief Judge, NEWMAN and PRATT, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

This appeal, arising in a case involving international extradition, presents the issue whether an order denying a motion to dismiss counts of an indictment for violation of the doctrine of specialty may be reviewed on an interlocutory appeal. The issue arises on an appeal by Chaim Levy from the May 13, 1991, order of the District Court for the Eastern District of New York (I. Leo Glasser, Judge). We conclude that the order is not appealable and dismiss the appeal.

## Background

A federal warrant was issued for Levy's arrest based on a complaint charging him and two others with conspiracy to distribute heroin during the period from February 24, 1989, to June 20, 1989, in violation of 21 U.S.C. §§ 841(a)(1), 846 (1988). He was subsequently arrested in Egypt after Egyptian authorities were informed of the outstanding complaint and warrant. An East-ern District grand jury then indicted Levy on one count of conspiracy to distribute heroin during the period from December 28, 1988, to June 26, 1989, and on four counts of possession with intent to distribute heroin on four dates within this period. The United States embassy in Cairo submitted to Egyptian authorities a request for Levy's extradition, based on the indictment and a second warrant that had been issued upon the indictment.

The Egyptian government informed the United States in a diplomatic note that the Attorney General of Egypt, by judicial order, had directed that Levy be extradited to stand trial on the charges in the first warrant.[1] On the same day, Levy was turned over to agents of the Drug Enforcement Administration and transported to the United States. In a subsequent diplomatic note issued two weeks later, the Egyptian Ministry of Foreign Affairs corrected its first note and informed the United States that Levy had been found extraditable to stand trial on the charges contained in the indictment. Appellant raises questions concerning the "correction," contending that it is contained in an unsigned letter, that it erroneously reports that Levy is still in Egypt and misstates his citizenship, and that its message is contrary to the instruction of the extradition judge that Levy be extradited solely on the charges contained in the first warrant.

After the extradition, the grand jury returned a superseding indictment, realleging the five counts of the first indictment and adding a sixth count that Levy interfered with a DEA agent on October 20, 1989, in violation of 18 U.S.C. § 1114 (1988).

In denying Levy's motion to dismiss the first five counts of the superseding indictment, Judge Glasser ruled that the second diplomatic note authorized extradition on the charges in the indictment, and that even if the original note had not been validly corrected, there was no violation of the doctrine of specialty because the extraditing government would not consider the indictment counts sufficiently distinct from the charge in the original warrant.

---

1. Though the first warrant contained a single charge, the word "charges" is used in the trans-lation of the diplomatic note presented to the District Court.

## Discussion

The doctrine of specialty limits the authority of a domestic criminal court to charges "specially brought to the attention" of the foreign government that has delivered a defendant pursuant to extradition. *Fiocconi v. Attorney General*, 462 F.2d 475, 478 (2d Cir.), *cert. denied*, 409 U.S. 1059, 93 S.Ct. 552, 34 L.Ed.2d 511 (1972); *see United States v. Rauscher*, 119 U.S. 407, 7 S.Ct. 234, 30 L.Ed. 425 (1886). Though the doctrine is sometimes expressed as a protection against being "*tried* by the requesting state for an offense other than one for which [the defendant] was extradited," *Restatement (Third) of Foreign Relations* § 477(1)(a) (1987) (emphasis added), we agree with the First Circuit that it is a jurisdictional limitation, restricting a court's power to enter judgment against the defendant. *See United States v. Sorren*, 605 F.2d 1211, 1214 (1st Cir.1979). The doctrine stands as a limitation against trial only in the operational sense, common to all other dispositive issues assertable pre-trial, that a ruling favorable to the defendant will result in dismissal without a trial. But, unlike protections such as the Double Jeopardy Clause, the doctrine of specialty does not guarantee a right not to be tried, but rather a right to be protected from a court's authority.

The doctrine limits the personal jurisdiction of the domestic court. In this case, the District Court has subject matter jurisdiction over all counts of the superseding indictment, but its authority over this defendant is challenged with respect to the first five counts. Therefore, the threshold issue we face is whether an interlocutory appeal is available in a criminal case to review a challenge to personal jurisdiction.

Interlocutory appeals in criminal cases are "disfavored," *United States v. MacDonald*, 435 U.S. 850, 853, 98 S.Ct. 1547, 1549, 56 L.Ed.2d 18 (1978), and have been recognized as exceptions to the final judgment rule, *see* 28 U.S.C. § 1291 (1988), only in those limited circumstances where the right sought to be vindicated would be totally lost if appeal occurred only after final judgment. The only instances thus far recognized by the Supreme Court have

been appeals of orders denying dismissal of charges for an alleged violation of the Double Jeopardy Clause, *see Abney v. United States*, 431 U.S. 651, 662, 97 S.Ct. 2034, 2041, 52 L.Ed.2d 651 (1977), or the Speech or Debate Clause, *see Helstoski v. Meanor*, 442 U.S. 500, 508, 99 S.Ct. 2445, 2449, 61 L.Ed.2d 30 (1979), and orders denying bail, *see Stack v. Boyle*, 342 U.S. 1, 6, 72 S.Ct. 1, 4, 96 L.Ed. 3 (1951). Unlike the issues raised in these cases, challenges to jurisdiction may be fully vindicated on appeal from a final judgment, and for this reason courts have rejected interlocutory appeals of orders in criminal cases denying dismissal on grounds of subject matter jurisdiction, *United States v. Layton*, 645 F.2d 681, 683 (9th Cir.), *cert. denied*, 452 U.S. 972, 101 S.Ct. 3128, 69 L.Ed.2d 984 (1981); *Atlantic Fishermen's Union v. United States*, 197 F.2d 519, 520 (1st Cir.1952), and personal jurisdiction, *United States v. Sorren*, 605 F.2d at 1213–15 (personal jurisdiction challenged under doctrine of specialty). We see no basis for permitting an interlocutory appeal to review a personal jurisdiction ruling in a criminal case.

The appeal is dismissed.