[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 97-1559

 UNITED STATES,

 Appellee,

 v.

 GUISEPPE PELLERITO,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Jose Antonio Fuste, U.S. District Judge] 

 

 Before

 Selya, Circuit Judge, 
 Cyr, Senior Circuit Judge, 
 and Boudin, Circuit Judge. 

 

George F. Murphy on brief for appellant. 
John C. Keeney, Acting Assistant Attorney General, and Corbin A. 
Weiss, Trial Attorney, Department of Justice, on Motion for Summary 
Disposition and Memorandum in Support for appellee.

 

 December 19, 1997
 

 Per Curiam. Appellant Giuseppe Pellerito appeals the 

denial of his motion to correct an illegal sentence, pursuant

to Fed. R. Crim P. 35(a). We affirm.

 Pellerito raises two arguments in support of this claim.

First, he asserts that his involvement in the conspiracy for

which he was sentenced ended before 1984 and therefore he

should have been sentenced in accord with the pre-1984

penalty provisions of 21 U.S.C. 846. Second, he claims

that, even if his involvement lasted beyond November 1984,

the penalty provisions of section 846 were not changed until

1988. Neither argument has merit.

 Pellerito claims that the indictment to which he pled

guilty only referred to his involvement in the conspiracy

during the years of 1978 and 1979. However, while the

indictment is not entirely clear as to when his involvement

in the conspiracy ended, the government stated, without

objection, at the change of plea hearing that Pellerito's

involvement lasted "through 1985" and the presentence

investigation report states that Pellerito's involvement

lasted at least until the summer of 1985.

 Pellerito also claims that, even if his involvement in

the conspiracy lasted beyond November 1984, the penalty

provisions of section 846 were not changed until 1988. This

claim is without merit.

 -2-

 In 1970 Congress enacted the Comprehensive Drug Abuse

and Control Act. One section of the act, now codified as 21

U.S.C. 841, provided for up to 15 years imprisonment and a

$25,000 fine or both, for possession with intent to

distribute or the distribution of narcotic drugs. Another

section, now 21 U.S.C. 846, provided that conspiracy for

"any offense in this subchapter is punishable by imprisonment

or fine or both which may not exceed the maximum punishment

prescribed for the offense, the commission of which was the

object of the . . . conspiracy." While the language of

section 846 was not changed until 1988, section 841 was

amended in 1984 to increase the punishments to a maximum of

20 years and a fine of $250,000 or both. Pellerito claims

that, since section 846 was not amended until 1988, its

penalty provisions remained the same as those originally set

in 1970, i.e., a maximum of 15 years imprisonment or a fine 

of $25,000 or both.

 According to the Supreme Court, "[a]s a general rule,

where the legislation dealing with a particular subject

consists of a system of general provisions indicative of a

settled policy, new enactments of a fragmentary nature on

that subject are to be taken as intended to fit into the

existing system and to be carried into effect conformably to

it, excepting as a different purpose is plainly shown."

United States v. Jefferson Electric Co., 291 U.S. 386, 396 

 -3-

(1933) (citing cases). In the instant case, Congress

originally enacted sections 841 and 846 as "part of a

comprehensive legislative scheme [the Comprehensive Drug

Abuse and Control Act of 1970] designed to halt drug abuse in

the United States." United States v. Baker, 609 F.2d 134, 

137 (5th Cir. 1980). Pursuant to that comprehensive scheme,

the punishment for conspiracies was not to "exceed the

maximum punishment prescribed for the offense." 21 U.S.C. 

846. The 1984 amendment, increasing penalties for violations

of the offense, was clearly a "fragmentary" enactment which,

in turn, was designed to halt drug trafficking. Since there

is no indication that Congress intended in 1984 to modify the

prior relation between the punishment scheme for the offense

and that for conspiracy, the amendment must be carried into

effect conformably with that scheme, i.e., the punishment for 

conspiracy must still be limited to the "maximum punishment

for the offense" which would now be 20 years imprisonment and

a $250,000 fine, or both. Cf. United States v. Layton, 509 

F.Supp. 212, 225 (N.D.Cal.) (18 U.S.C. 1117, which provides

punishment for those who "conspire to violate sections 1111,

1114 or 1116 of this title," incorporates amendments to those

sections), appeal dismissed, 645 F.2d 681 (9th Cir.), cert. 

denied, 452 U.S. 972 (1981) 

 Pellerito reliance on Bifulco v. United States, 447 U.S. 

381 (1980) is misplaced. In Bifulco, the court held that the 

 -4-

penalty provisions of 846 did not incorporate the "special

parole" provisions of 841. The court reasoned that, since

 846 referred only to "imprisonment or fines," it did not

authorize other penalties, such as special parole, which were

neither. This reasoning, however, does not apply to the

instant case since the issue here is "imprisonment" and

"fines" which are specifically authorized in 846.

 Affirmed. See 1st Cir. Loc. R. 27.1. 

 -5-