USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-1559 UNITED STATES, Appellee, v. GUISEPPE PELLERITO, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jose Antonio Fuste, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Cyr, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ George F. Murphy on brief for appellant. ________________ John C. Keeney, Acting Assistant Attorney General, and Corbin A. ______________ __________ Weiss, Trial Attorney, Department of Justice, on Motion for Summary _____ Disposition and Memorandum in Support for appellee. ____________________ December 19, 1997 ____________________ Per Curiam. Appellant Giuseppe Pellerito appeals the __________ denial of his motion to correct an illegal sentence, pursuant to Fed. R. Crim P. 35(a). We affirm. Pellerito raises two arguments in support of this claim. First, he asserts that his involvement in the conspiracy for which he was sentenced ended before 1984 and therefore he should have been sentenced in accord with the pre-1984 penalty provisions of 21 U.S.C. 846. Second, he claims that, even if his involvement lasted beyond November 1984, the penalty provisions of section 846 were not changed until 1988. Neither argument has merit. Pellerito claims that the indictment to which he pled guilty only referred to his involvement in the conspiracy during the years of 1978 and 1979. However, while the indictment is not entirely clear as to when his involvement in the conspiracy ended, the government stated, without objection, at the change of plea hearing that Pellerito's involvement lasted "through 1985" and the presentence investigation report states that Pellerito's involvement lasted at least until the summer of 1985. Pellerito also claims that, even if his involvement in the conspiracy lasted beyond November 1984, the penalty provisions of section 846 were not changed until 1988. This claim is without merit. -2- In 1970 Congress enacted the Comprehensive Drug Abuse and Control Act. One section of the act, now codified as 21 U.S.C. 841, provided for up to 15 years imprisonment and a $25,000 fine or both, for possession with intent to distribute or the distribution of narcotic drugs. Another section, now 21 U.S.C. 846, provided that conspiracy for "any offense in this subchapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the . . . conspiracy." While the language of section 846 was not changed until 1988, section 841 was amended in 1984 to increase the punishments to a maximum of 20 years and a fine of $250,000 or both. Pellerito claims that, since section 846 was not amended until 1988, its penalty provisions remained the same as those originally set in 1970, i.e., a maximum of 15 years imprisonment or a fine ____ of $25,000 or both. According to the Supreme Court, "[a]s a general rule, where the legislation dealing with a particular subject consists of a system of general provisions indicative of a settled policy, new enactments of a fragmentary nature on that subject are to be taken as intended to fit into the existing system and to be carried into effect conformably to it, excepting as a different purpose is plainly shown." United States v. Jefferson Electric Co., 291 U.S. 386, 396 ______________ _______________________ -3- (1933) (citing cases). In the instant case, Congress originally enacted sections 841 and 846 as "part of a comprehensive legislative scheme [the Comprehensive Drug Abuse and Control Act of 1970] designed to halt drug abuse in the United States." United States v. Baker, 609 F.2d 134, ______________ _____ 137 (5th Cir. 1980). Pursuant to that comprehensive scheme, the punishment for conspiracies was not to "exceed the maximum punishment prescribed for the offense." 21 U.S.C.  846. The 1984 amendment, increasing penalties for violations of the offense, was clearly a "fragmentary" enactment which, in turn, was designed to halt drug trafficking. Since there is no indication that Congress intended in 1984 to modify the prior relation between the punishment scheme for the offense and that for conspiracy, the amendment must be carried into effect conformably with that scheme, i.e., the punishment for ____ conspiracy must still be limited to the "maximum punishment for the offense" which would now be 20 years imprisonment and a $250,000 fine, or both. Cf. United States v. Layton, 509 __ _____________ ______ F.Supp. 212, 225 (N.D.Cal.) (18 U.S.C. 1117, which provides punishment for those who "conspire to violate sections 1111, 1114 or 1116 of this title," incorporates amendments to those sections), appeal dismissed, 645 F.2d 681 (9th Cir.), cert. ______ _________ _____ denied, 452 U.S. 972 (1981) ______ Pellerito reliance on Bifulco v. United States, 447 U.S. _______ _____________ 381 (1980) is misplaced. In Bifulco, the court held that the _______ -4- penalty provisions of 846 did not incorporate the "special parole" provisions of 841. The court reasoned that, since 846 referred only to "imprisonment or fines," it did not authorize other penalties, such as special parole, which were neither. This reasoning, however, does not apply to the instant case since the issue here is "imprisonment" and "fines" which are specifically authorized in 846. Affirmed. See 1st Cir. Loc. R. 27.1. ________ ___ -5-