10-3986-cr
United States v. Guevara

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of October, two thousand eleven.

PRESENT:  GERARD E. LYNCH,
           DENNY CHIN,
           SUSAN L. CARNEY,
                    *Circuit Judges.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,
                    *Appellee,*

         v.                                No. 10-3986-cr

BIENVENIDO GUEVARA,
                    *Defendant-Appellant.*

------------------------------------------------------------------

FOR APPELLANT:      JESSE M. SIEGEL, New York, New York.

FOR APPELLEE:      CHRISTIAN R. EVERDELL (Brent S. Wible, *on the brief*), Assistant United States Attorneys *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Richard M. Berman, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal is DISMISSED in part and the judgment of the district court is AFFIRMED in part.

Defendant-appellant Bienvenido Guevara was extradited from the Dominican Republic to face trial on an indictment that charges him with conspiracy to import a controlled substance into the United States, in violation of 21 U.S.C. § 963, and conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846. He seeks interlocutory review of an order of the United States District Court for the Southern District of New York (Richard M. Berman, *Judge*) denying his motion to dismiss that indictment. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Our jurisdiction over this case is premised on an exception to the general rule that appellate review may not be had "until there has been a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Midland Asphalt Corp. v. United States, 489 U.S. 794, 798 (1989) (internal quotation marks omitted). Pursuant to that rule, an appeal in a criminal case may usually be taken only after the defendant has been convicted and sentenced. Id. Under the collateral order doctrine, however, a limited number of district court orders are immediately appealable, because they "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546

2

(1949). Although Guevara raises several claims in this appeal, we may consider only those that fall within this narrow exception to the final judgment rule.

Guevara first argues that the district court was required to dismiss the indictment, because to prosecute him for the conduct outlined therein would necessarily violate the rule of specialty. Pursuant to that rule, an extradited defendant may be prosecuted only on the charges for which the surrendering state granted extradition. See United States v. Campbell, 300 F.3d 202, 210 (2d Cir. 2002). Guevara maintains that, despite prosecutors' assurances to Dominican officials that he would be prosecuted for offenses "completely different" from and "not related" to the acts for which he was prosecuted in that country, the charges set out in the U.S. indictment are necessarily related to the 1,400 kilogram cocaine seizure that was at the center of the Dominican prosecution.

Guevara's rule-of-specialty claim does not come within the bounds of the collateral order doctrine, and we therefore lack appellate jurisdiction over it. In United States v. Levy, we observed that "unlike protections such as the Double Jeopardy Clause, the doctrine of specialty does not guarantee a right not to be tried, but rather a right to be protected from a court's authority." 947 F.2d 1032, 1034 (2d Cir. 1991). The rule of specialty is thus a limitation on the district court's jurisdiction, challenges to which may be fully vindicated on appeal from a final judgment. Id. Contrary to Guevara's assertion, the accuracy of this description does not vary depending on the sending jurisdiction's reasons for imposing the charging limitations that it did. Accordingly, we conclude, as we did in Levy, that Guevara's rule-of-specialty claim is not reviewable interlocutorily but must instead await a final resolution of his case in the district court.

Guevara also claims that to permit him to be prosecuted under this indictment would violate *non bis in idem*, a principle of international law that is analogous to the Fifth Amendment's prohibition on double jeopardy. In Abney v. United States, 431 U.S. 651 (1977), the Supreme Court held that the denial of a motion to dismiss on double jeopardy grounds is a collateral order that may be reviewed interlocutorily. As the government concedes, the logic of Abney is equally applicable to Guevara's *non bis in idem* claim; we therefore conclude that we have jurisdiction to consider it.

The government contends that because the treaty under which Guevara was extradited does not contain an explicit *non bis in idem* provision, that principle is simply inapplicable to this case. We need not address this argument, however, because even if Guevara were correct that the treaty incorporates the principle by reference, we would still conclude that the indictment should stand. Guevara argues that Article V of the treaty, which allows a signatory country to decline extradition due to a "lapse of time or other lawful cause," permits either country to enforce its constitutional and other legal protections on behalf of persons whose extradition is sought. Guevara appears to concede, as he must, that, under the law of the United States, the Dominican judgment would not preclude further proceedings in this country. It is well established that the Double Jeopardy Clause does not bar separate sovereigns from undertaking sequential prosecutions of the same offense. See Heath v. Alabama, 474 U.S. 82, 93 (1985). Rather, Guevara maintains that principles of double jeopardy embodied in *Dominican* law require dismissal of the indictment. Yet the Dominican Republic's highest court reviewed the U.S. indictment in light of the prior proceedings in that country and

4

concluded that Dominican law would permit Guevara to be extradited and tried on at least some of the allegations set out in that indictment. We decline to question the Dominican judiciary's informed conclusion that Dominican law would permit him to stand trial here. As one of our sister circuits has observed, "[A] foreign court's holding as to what that country's criminal law provides should not lightly be second-guessed by an American court – if it is ever reviewable. And the foreign court's understanding of the nature of the American charge is, in truth, inextricably intertwined with its reading of its own law." Casey v. Dep't of State, 980 F.2d 1472, 1477 (D.C. Cir. 1992).

To the extent Guevara argues that language in the Dominican Supreme Court's opinion or in the diplomatic note effecting his extradition requires that the charges against him be pared or that the evidence at trial be limited in some way, the district court's rejection of such arguments without prejudice does not constitute a collateral order that may be immediately appealed. Having concluded that nothing in either American or Dominican law affords Guevara the right "not to be tried at all," we lack jurisdiction to say any more. United States v. Culbertson, 598 F.3d 40, 46 (2d Cir. 2010).

For the foregoing reasons, the judgment of the district court is AFFIRMED to the extent that it refused to dismiss the indictment based on the principle of *non bis in idem.* The appeal is DISMISSED for lack of appellate jurisdiction in all other respects.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5