**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RHONDA WHITEROCK FRED, | No. 11-17180 |
| Plaintiff - Appellee, | D.C. No. 2:10-cv-00845-JAM-GGH |
| v. | |
| WASHOE TRIBE OF NEVADA AND CALIFORNIA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted May 6, 2013
San Francisco, California

Before: W. FLETCHER, GOULD, and CHRISTEN, Circuit Judges.

This is an interlocutory appeal asserting jurisdiction in this court under the

collateral order doctrine. The underlying claims relate to the Washoe Tribe's

decision to take custody of the plaintiff's grandchildren due to allegations of abuse

by the grandchildren's mother (the plaintiff's daughter). After pursuing tribal

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

remedies, the grandmother, Ms. Fred, filed suit against the Tribe in federal district court. The district court dismissed for failure to state a claim with leave to amend. The Tribe appeals the district court's dismissal in its favor because the dismissal was without prejudice, arguing that the complaint should have been dismissed with prejudice for three reasons: 1) failure to exhaust tribal court remedies; 2) tribal sovereign immunity; and 3) lack of subject matter jurisdiction.

We note at the outset that the appellant has standing to appeal and the appeal is not moot. While a party generally cannot appeal a favorable ruling, *Clapp v. C.I.R.*, 875 F.2d 1396, 1398 (9th Cir. 1989), where a party sought a dismissal with prejudice and the court granted a dismissal without prejudice, there is sufficient injury for appellate standing. *See Farmer v. McDaniel*, 98 F.3d 1548, 1549, 1553-54 (9th Cir. 1996), *abrogated on other grounds by Slack v. McDaniel*, 529 U.S. 473 (2000). And, although Ms. Fred missed the deadline to file an amended complaint, because the magistrate judge has since vacated all dates pending before it in this case pending the outcome of this appeal, we conclude it is not moot.

We determine our own jurisdiction de novo. *Bermudez v. Holder*, 586 F.3d 1167, 1168 (9th Cir. 2009). Under 28 U.S.C. § 1291, this court has jurisdiction over appeals "from all final decisions of the district courts of the United States." A

2

denial of a motion to dismiss is not a final decision for purposes of § 1291. *See Credit Suisse v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 130 F.3d 1342, 1345-46 (9th Cir. 1997). However, the Supreme Court recognizes an exception to the final judgment rule for a "small class [of orders] which finally determine claims of right separable from, and collateral to, rights asserted in the action." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). We agree with Ms. Fred that none of the Tribe's bases for appeal fall within this small class of appealable orders.

First, we lack jurisdiction to review the district court's denial of the motion to dismiss for failure to exhaust. *See Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc.*, 811 F.2d 1209, 1215 (9th Cir. 1987).

Second, we lack jurisdiction to review the district court's deferral of a decision about sovereign immunity. While denial of sovereign immunity is immediately appealable, *Burlington N.*, 509 F.3d at 1089-91, here the court did not rule on the question at all. There is no right to an immediate appeal of a deferral of decision on sovereign immunity.

Third, we lack jurisdiction to review the district court's denial of the motion to dismiss for lack of subject matter jurisdiction. A denial of a motion to dismiss for lack of subject matter jurisdiction generally is not appealable. *United States v.*

3

*Layton*, 645 F.2d 681, 683 (9th Cir. 1981). It is only appealable where it is premised on sovereign immunity, *see Burlington N.*, 509 F.3d at 1089-91, or where the court has jurisdiction to consider another interlocutory appeal and must consider whether it has subject matter jurisdiction first. *See In re Pegasus Gold Corp.*, 394 F.3d 1189, 1193 (9th Cir. 2005). Neither of these exceptions applies here.

In closing, we observe that in child custody disputes, state courts have greater expertise and may provide a better forum than federal courts. We also observe that the dispute is now over the Tribe's custody of a minor who is neither a member of the tribe nor was taken into custody while on tribal land.

Appeal **DISMISSED** for lack of jurisdiction.