14-1148-pr
*Acevedo v. Capra*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of April, two thousand and fifteen.

PRESENT:

> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DENNYS ACEVEDO,
> *Petitioner-Appellant,*


-v.-                                                                No. 14-1148-pr


SUPERINTENDENT MICHAEL CAPRA,
> *Respondent-Appellee.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR PETITIONER-APPELLANT:** | RANDOLPH Z. VOLKELL, Merrick, NY. |
| **FOR RESPONDENT-APPELLEE:** | AMY APPLEBAUM (Leonard Joblove, Camille O'Hara Gillespie *on the brief*), Assistant District Attorneys, *for* Kenneth P. Thompson, District Attorney for Kings County, Brooklyn, NY. |

Appeal from the denial of a petition for a writ of habeas corpus by the United States District Court for the Eastern District of New York (Brian M. Cogan, *Judge*).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 25, 2014 judgment of the District Court is **AFFIRMED**.

Petitioner Dennys Acevedo appeals from the District Court's judgment denying his petition for a writ of habeas corpus. Petitioner's habeas petition challenges a judgment of the New York Supreme Court, Kings County, convicting him, after a jury trial, of Manslaughter in the First Degree, in violation of N.Y. Penal Law § 125.20(1). The event that led to the conviction was a fight involving Acevedo, a co-defendant, Jose Palencia, and Jose Santiago, who was stabbed to death during the altercation. For these acts, Acevedo and Placencia were each charged with two counts of Murder in the Second Degree and one count of Criminal Possession of a Weapon in the Fourth Degree. After committing the crime, Acevedo fled to the Dominical Republic ("DR"), from where he was subsequently extradited back to the United States seven years later.

At trial, the court submitted to the jury the charge of Murder in the Second Degree and the lesser-included charge of Manslaughter in the First Degree. Acevedo's trial counsel did not object to submission of the manslaughter charge because, as he later explained in an affidavit: "the opportunity to convict [Acevedo] of a lesser charge would allow the jury to acquit [him] of the murder." Appellee's Br. at 26. The jury acquitted Acevedo of Murder in the Second Degree but found him guilty of Manslaughter in the First Degree.

Acevedo was sentenced to a term of twenty years in prison and five years of post-release supervision. Thereafter, the Appellate Division of the Second Judicial Department affirmed Avecedo's conviction, and Judge Smith of the New York Court of Appeals denied leave to appeal. Defendant's motion seeking vacatur of his conviction was also denied, as was his application for leave to appeal that decision to the Appellate Division. Acevedo then sought a writ of habeas corpus in the United States District Court for the Eastern District of New York on the grounds, as relevant here, that his counsel was ineffective for not objecting to the submission of the manslaughter charge because the manslaughter charge allegedly violated the extradition treaty between the United States and the DR. The District Court denied the petition.

## DISCUSSION

To demonstrate ineffective assistance of counsel, Acevedo must satisfy a two-part test. *See Strickland v. Washington*, 466 U.S. 668 (1984). First, he must show that his trial counsel's performance

2

"fell below an objective standard of reasonableness." *Id.* at 688. Second, he must show that there is a reasonable probability that but for his counsel's error, the outcome of the proceeding in which the constitutionally deficient representation occurred would have been different. *See id.* at 694. In reviewing *Strickland* claims, we are instructed to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and that counsel's conduct was not the result of error but derived instead from trial strategy." *Jackson v. Leonardo*, 162 F.3d 81, 85 (2d Cir. 1998) (citation and internal quotation marks omitted). Indeed, "[a]ctions or omissions by counsel that might be considered sound trial strategy do not constitute ineffective assistance." *Mason v. Scully*, 16 F.3d 38, 42 (2d Cir.1994) (citation and internal quotation marks omitted). Moreover, when reviewing decisions by counsel, we are instructed not to "second-guess reasonable professional judgments and impose on . . . counsel a duty to raise every 'colorable' claim." *Jones v. Barnes*, 463 U.S. 745, 754 (1983).

Upon reviewing the record, we hold that defense counsel's decision not to object to the submission of the manslaughter count did not constitute ineffective assistance of counsel. Rather, considering the evidence presented at trial implicating the defendant in the death of Jose Santiago, the decision not to object to the lesser-included charge was in fact reasoned and sensible—and certainly not objectively deficient. Indeed, the addition of the manslaughter charge can be viewed as a favorable development for the defendant; it provided the jury with an off-ramp away from the murder charge in a case where the evidence did not favor a full acquittal. Viewed in this light, trial counsel's strategy was a success, as it provided the jury with another way to acquit Acevedo of murder, which the jury eventually did. In either case, Acevedo cannot have his cake and eat it too by questioning, on appeal of a habeas denial, the very trial strategy that may have spared him a murder conviction.

This conclusion is strengthened by the trial counsel's subsequent affidavit, where he explained that having the manslaughter charge submitted to the jury was part of his trial strategy "because the opportunity to convict defendant of a lesser charge would allow the jury to acquit defendant of the murder." Appellee's Br. at 26. The District Court's analysis on this point is worth quoting:

> It is of course easy enough for petitioner, with the benefit of a hindsight that includes acquittal on the murder charge, to assert that the jury would have

3

> acquitted him of murder anyway even without the manslaughter charge. That seems dubious as the manslaughter conviction shows that the jury was not buying his and Placencia's testimony, and it is purely speculative as to whether that would have resulted in acquittal instead of conviction for murder in the absence of the manslaughter charge.

*Acevedo v. Capra*, No. 13 CIV. 5579 BMC, 2014 WL 1236763, at \*19 (E.D.N.Y. Mar. 25, 2014). Thus, trial counsel's approach was neither deficient nor prejudicial but a "plausible strategic option in a case where the evidence and . . . nature of the crime offered little hope of an acquittal on all counts." *Farrington v. Senkowski*, 214 F.3d 237, 244 (2d Cir. 2000).[1]

## <u>CONCLUSION</u>

We have considered Acevedo's remaining arguments and find them without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] As we hold that counsel made a reasonable strategic decision not to object to the manslaughter charge, we need not decide whether defendant's manslaughter charge was in violation of the extradition treaty. *See United States v. Levy*, 947 F.2d 1032, 1034 (2d Cir. 1991) ("The doctrine [of specialty] limits the personal jurisdiction of the domestic court.").

4