NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1079
_____

UNITED STATES OF AMERICA

v.

LATEEF ALAGBADA,

Appellant
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 2-17-cr-00227-001)
District Judge: Honorable John Michael Vazquez
_____

Submitted under Third Circuit L.A.R. 34.1(a)
On January 14, 2022

Before: AMBRO, BIBAS and ROTH, <u>Circuit Judges</u>

(Opinion filed: June 2, 2022)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

ROTH, Circuit Judge

Nigeria extradited one of its citizens, Lateef Alagbada, to the United States after an American grand jury charged him with conspiracy to import, possess, and distribute heroin. Alagbada appeared in United States District Court for the District of New Jersey. He moved for his immediate release and repatriation to Nigeria. He contended that his extradition violated Nigerian law and, by extension, the extradition treaty between Nigeria and the United States. The United States responded, "As a matter of comity and justiciability, it is well-established that a foreign government's decision to extradite an individual in response to a request from the United States is not subject to review by United States courts."[1]

The District Court agreed that it lacked authority to review Nigeria's extradition decision and denied Alagbada's motion for release and repatriation.[2] Alagbada filed this interlocutory appeal. We will dismiss the appeal of the denial of repatriation because we lack jurisdiction to review that denial. We do, however, have jurisdiction to review the District Court's denial of pretrial release. We will affirm that denial.

I.

"Congress has limited the jurisdiction of the Courts of Appeals to 'final decisions of the district courts.'"[3] A criminal defendant must ordinarily raise all claims of error in

---

[1] Suppl. App. at 16 (internal quotation marks omitted) (quoting *United States v. Medina*, 985 F. Supp. 397, 401 (S.D.N.Y. 1997)).
[2] The District Court had jurisdiction under 18 U.S.C. § 3231.
[3] *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 264–65 (1982) (quoting 28 U.S.C. § 1291).

2

a single appeal following conviction and sentencing.[4] The collateral order doctrine is a "narrow exception" to the final judgment rule.[5] It allows a party to immediately appeal collateral orders: Those that (1) "conclusively determine the disputed question," (2) "resolve an important issue completely separate from the merits of the action," and (3) are "effectively unreviewable on appeal from a final judgment."[6] "Because of the compelling interest in prompt trials, the [Supreme] Court has interpreted the requirements of the collateral-order exception . . . with the utmost strictness in criminal cases."[7]

An order rejecting a defendant's challenge to the extradition process generally falls outside the scope of the collateral order doctrine because "the purpose of the extradition process is to obtain a court's personal jurisdiction over a defendant."[8] Challenges to the extradition process are thus challenges to district court jurisdiction; and courts "have uniformly held that challenges to district court jurisdiction can be fully

---

[4] *See Flanagan v. United States*, 465 U.S. 259, 263 (1984); *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981).

[5] *Firestone Tire & Rubber Co.*, 449 U.S. at 374–75.

[6] *Flanagan*, 465 U.S. at 265 (internal quotation marks omitted) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)).

[7] *Id.*

[8] *S.E.C. v. Eurobond Exch., Ltd.*, 13 F.3d 1334, 1337 (9th Cir. 1994); *see also United States v. Isaac Marquez,* 594 F.3d 855, 858 (11th Cir. 2010) ("The extradition process, however, is the means by which a requesting country obtains personal jurisdiction over the defendant."); *United States v. Vreeken*, 803 F.2d 1085, 1088 (10th Cir. 1986) ("the extradition process is one whereby a court gains personal jurisdiction over a defendant").

vindicated on post-judgment appeal."[9]  We therefore lack jurisdiction over an interlocutory appeal to the extent it challenges the propriety of an extradition.[10]

In this case, Alagbada's request for repatriation was explicitly a request that the District Court find his extradition improper.  Thus, Alagbada must wait until the District Court has entered a final judgment before he challenges its denial of repatriation.

By contrast, Alagbada was entitled to immediately appeal the District Court's denial of pre-trial release.  In *Stack v. Boyle*,[11] the Supreme Court held that a defendant may immediately appeal an order denying a motion to reduce bail.  Decades later, Congress addressed the same issue through the Bail Reform Act of 1984.[12]  Under that statute, defendants may immediately appeal release or detention orders, as well as

---

[9] *United States v. Saccoccia*, 18 F.3d 795, 800–01 (9th Cir. 1994).  The reason for this rule lies in the fact that "the essence of a litigant's jurisdictional 'right' is that the court not impose a Judgment against him unless it has both personal and subject matter jurisdiction."  *United States v. Sorren*, 605 F.2d 1211, 1214 (1st Cir. 1979).  If a district court mistakenly concludes it has jurisdiction over a defendant and, in turn, errantly enters judgement against the defendant, a court of appeals can fix the error, and remedy any jurisdictional violation, by vacating the judgment.

[10] *See Saccoccia*, 18 F.3d at 800–01 (declining jurisdiction over an interlocutory appeal from a motion to dismiss an indictment where the appeal was based on a claim that the defendant's extradition violated the doctrine of specialty, doctrine of dual criminality, and pertinent extradition treaty); *United States v. Levy*, 947 F.2d 1032, 1033–34 (2d Cir. 1991) (declining jurisdiction over an interlocutory appeal from a motion to dismiss an indictment where the appeal was based on a claim that the defendant's extradition violated the doctrine of specialty).

[11] 342 U.S. 1, 6 (1951).

[12] 18 U.S.C. §§ 3141–3156; *United States v. Schock*, 891 F.3d 334, 339 (7th Cir. 2018) (explaining that "release on bail before trial"—which *Stack* brought within the scope of the collateral order doctrine—is "an issue now covered by statute, 18 U.S.C. § 3145.").

decisions denying revocation or amendment of such orders.[13] Thus, on this interlocutory

appeal, we have jurisdiction over the District Court's denial of pretrial release.

II.

Although we have jurisdiction over the District Court's denial of pretrial release,

we will affirm the denial of release. We may affirm a district court's order if the appeal

presents no substantial question.[14] Here, nothing supports Alagbada's request for pretrial

release.[15] More importantly, Alagbada has not attempted to make the requisite showing

under the applicable legal framework: the Bail Reform Act of 1984.

"The Bail Reform Act . . . provides a comprehensive scheme governing pretrial-

release decisions."[16] It creates a rebuttable presumption that a defendant is dangerous

and a flight risk—and therefore must be detained—if the defendant is indicted on certain

charges.[17] Here, the grand jury indicted Alagbada on charges of conspiracy to import,

---

[13] 18 U.SC. § 3145(c).

[14] *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6; *see also Murray v. Bledsoe*, 650 F.3d 246, 247 (3d Cir. 2011).

[15] To be clear, we do not have jurisdiction to consider Alagbada's challenge to his extradition merely because he has paired that challenge with a request for pretrial release. A contrary rule might induce defendants to try to circumvent the final judgment rule by pairing a request for pretrial release with whatever argument they wish to advance on an interlocutory appeal.

[16] *Reese v. Warden Philadelphia FDC*, 904 F.3d 244, 247 (3d Cir. 2018).

[17] *See* 18 U.S.C. § 3142(e)(3) ("Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)[ or] the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.) . . ."); *United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986) (holding an "indictment is sufficient to support a finding of probable cause triggering the rebuttable presumption of dangerousness under § 3142(e) . . .").

5

possess and distribute heroin, charges that trigger this presumption.[18]  In requesting

pretrial release, Alagbada did not identify the Act as the governing law, much less rebut

the presumption that he is dangerous and a flight risk.  It is clear that the District Court

properly denied pretrial release.  Affirmance is appropriate.[19]

III.

We will affirm the District Court's denial of pretrial release.  We will dismiss the

appeal of the denial of Alagbada's request for repatriation.[20]

---

[18] Specifically, the grand jury charged Alagbada with (1) conspiracy to distribute and possess with intent to distribute at least one kilogram of heroin, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), in violation of 21 U.S.C. § 846; and (2) conspiracy to import at least one kilogram of heroin into the United States, contrary to 21 U.S.C. §§ 952(a) and 960(b)(1), in violation of 21 U.S.C. § 963.  Each offense carries a maximum sentence of life in prison.  21 U.S.C. §§ 841(b), 960(b)(1).

[19] The District Court did not deny Alagbada's request for pretrial release on the grounds that Alagbada failed to rebut the presumption that he is dangerous and a flight risk. Instead, the District Court denied Alagbada's request because it rejected Alagbada's arguments about the extradition process.  Alagbada implies that the government has waived any argument under the Bail Reform Act because the government did not raise the Act before the District Court.  However, we may affirm the District Court "for any reason supported by the record," *United States v. Schneider*, 801 F.3d 186, 201 (3d Cir. 2015) (internal quotation marks omitted), and will do so here.

[20] Alagbada moved to supplement the record with a declaration by his counsel, William Strazza.  Strazza avers to the status of certain Nigerian proceedings, which are related to the extradition process.  This information is irrelevant to this appeal because we do not have jurisdiction to consider Alagbada's challenge to the extradition process.  Therefore, we will deny as moot the Motion to Supplement the Record on Appeal.